132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randy LEFTWICH, Petitioner-Appellant,
v.
Samuel LEWIS; Grant Woods, Attorney General, Respondents-Appellees.
 No. 96-16243.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 22, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-94-02316-SMM; Stephen M. McNamee, District Judge, Presiding.
 Before: SNEED, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Randy Leftwich, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, see Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995).[1]
 
 
 3
 Leftwich contends that the failure to file objections to the Report and Recommendation was due to a denial of his right of access to the court. This contention lacks merit.
 
 
 4
 Here, Leftwich is attempting to raise his access to the courts claim for the first time on appeal. Because Leftwich did not raise the claim in his section 2254 petition, it is not cognizable on appeal. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994).[2]
 
 
 5
 Leftwich also contends that his guilty plea was invalid because he did not admit to the factual basis of the plea. This contention lacks merit.
 
 
 6
 Here, Leftwich did challenge his guilty plea, but only raised the invalidity of his guilty plea because he did not admit to its factual basis, for the first time on appeal. Accordingly, this claim is not cognizable on appeal. See Cacoperdo, 37 F.3d at 507.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Antiterrorism and Effective Death Penalty Act of 1996 ("the Act"), Pub.L. No. 104-132, 110 Stat. 1214 does not apply to Leftwich's case because he filed his petition before the effective date of the Act. See Lindh v. Murphy, 117 S.Ct. 2059, 2068 (1997)
 
 
 [2]
 To the extent that Leftwich contends that he was denied access to the courts because he followed his legal assistant's advice to not file objections to the magistrate judge's Report and Recommendation, this contention lacks merit because the district court considered Leftwich's Rule 59 motion as an objection to the Report and Recommendation. See Garcia v. Bunnel, 33 F.3d 1193, 1195 (9th Cir.1994), cert. denied, 574 U.S. 1024 (1995) (we may affirm the district court's action on any ground finding support in the record)